CASE No. 896.

EDWARDS v. EDWARDS.

1. An order for leave to file a supplemental complaint can be made by a judge at chambers, but notice of the motion should be given to the defendant.
2. Where granted *ex parte*, it is not a nullity, but only an irregularity, to be corrected by motion or appeal, and is waived by an answer.
3. Where a supplemental complaint is served before leave to file is obtained, the defendant, by answering, waives the irregularity, and cannot, at the trial, raise an objection to such service.
4. After action commenced in the Court of Common Pleas, a decree was rendered by the Court of Probate, affecting the rights of the parties as pending in the original action. *Held*, that in such case a supplemental complaint was proper.
5. Where pending suit in the Court of Common Pleas, the Court of Probate renders a decree which affects the parties and subject matter of the cause in the superior court, but which cannot be enforced by the inferior court, the Court of Common Pleas may be called upon by supplemental complaint to supplement the powers of the inferior tribunal and enforce its decree.
6. A and B jointly purchased a tract of land and paid in part, B paying more than A; B then died and A became his administrator; afterwards a re-sale was ordered, titles to be withheld until full payment, and the land to stand pledged for such payment, one half of the purchase money to be paid to A, and the other half to the distributees of B; A became the purchaser. Upon settlement in the Probate Court, A was found indebted to B's estate on account of B's interest in this land, and for rents and profits before the re-sale. *Held*, that as against this indebtedness A was not entitled to a homestead exemption in this land.

Before FRASER, J., Abbeville, April, 1879.

Andrew Edwards died in February, 1870, and J. G. Edwards and Epaminondas Edwards qualified as his executors. Under a power in the will, the lands of testator were sold December 20th, 1870, and E. Edwards and M. L. Edwards, sons of testator, purchased jointly the Home tract for $2339.88, and paid $851.22 upon their purchase, leaving $1488.66 unpaid. Of the cash payment, M. L. Edwards paid $565.62, and E. Edwards $285.60. In December, 1871, Amos W. Edwards and others filed their complaint against J. G. Edwards and E. Edwards, executors, and others, for a settlement of the estate of Andrew Edwards, to which action all the heirs of A. Edwards were parties. Pending suit, in March, 1872, M. L. Edwards died intestate, without wife or children, and E. Edwards administered upon his estate. His distributees were all parties to this action.

In June, 1872, Judge Orr filed his decree, in which he ordered the re-sale of the Home tract by J. G. Edwards, the proceeds to be applied to the debt due by the former purchasers, one-half of the balance to be paid to E. Edwards, and the other half to J. G. Edwards, for the distributees of M. L. Edwards. This tract was re-sold in December, 1872, and purchased by E. Edwards for $2050, of which he paid all except the sum of $208.78, which was balance due to distributees of M. L. Edwards. J. G. Edwards refused to deliver titles, as the decree of Judge Orr had directed that titles should be withheld until the purchase money was paid, and that the land should stand pledged for its payment.

In 1875, the plaintiffs in this action filed their petition in the Court of Probate, demanding of E. Edwards, administrator, a settlement of the estate of M. L. Edwards. The statement of his indebtedness was declared by the judge of Probate, on September 18th, 1877, as follows:

| | | |
|---|---|---|
| Amount from A. Edwards' estate, - - | $450 | 29 |
| Interest on same, - - - - - | 59 | 11 |
| Amount and interest, crops of 1871, rent of land for 1872, &c., after deducting all expenses and charges, | 676 | 45 |
| | $1185 | 85 |

The Court of Probate entered its decree for this amount and issued execution, to which there was a return of *nulla bona.*

There was no appeal from this decree, nor from the decree of Judge Orr.

On March 25th, 1878, J. G. Edwards and others, distributees of M. L. Edwards, filed their supplemental complaint against E. Edwards, administrator of M. L. Edwards, reciting the above-stated facts, and alleging the insolvency of the sureties on the administration bond of E. Edwards, and praying an order for the sale of the Home tract, and the application of the proceeds of the sale to the amount found due by the decree of the Probate Court. This complaint was served upon the defendant March 28th. Defendant filed an answer, denying the insolvency of his sureties and claiming a homestead. The date of this answer or of its service, is not given. On April 8th, 1878, Judge Mackey signed an order at Greenville granting leave to plaintiff to file a supplemental complaint. Neither the defendant nor his attorneys had any notice of the application for the order, nor did they, or any of them, know of its existence until the cause was heard in April, 1879.

In addition to the grounds taken in the answer, the defendant, at the trial of the cause, made the following objections:

1. That the order of Judge Mackey was a nullity, having been granted at chambers without notice to the defendant or his attorneys.

2. That the service of the supplemental complaint on the defendant was irregular and unauthorized.

3. The facts stated do not constitute a case for a supplemental complaint.

4. That the proceedings in the Probate Court is a bar to the proceedings in this court.

5. That the facts stated do not constitute a cause of action against the defendant in favor of the plaintiffs.

The insolvency of the sureties to the defendants' administration bond, was proved.

Defendant is the head of a family, having a wife and children.

His Honor, Judge Fraser, in his decree, after stating the facts, continued:

It is objected that this is not a proper case for a supplemental complaint, and that Epaminondas Edwards is entitled to a right of homestead in said Home place, on which he lives with his family. Perhaps a new proceeding against Epaminondas Edwards, in the nature of a creditor's bill, might have been properly instituted, but the new position in which the parties before the court in the original proceeding have been placed by the transfer to another tribunal of matters in issue in this court, and which still require the exercise of its powers, makes it proper to bring these matters before the court by supplemental complaint, and it is held that to avoid further litigation it is better to bring the whole matter of the fund, for which execution has been issued by the judge of Probate into the proceeding, that the whole may be disposed of together. If, in this view, there is error, I still feel bound to sustain the form of pleading filed in pursuance of an order of my predecessor, who made the order for leave to file a supplemental complaint for the very matters set forth in this.

On the second point I am bound by the express ruling of the Supreme Court, that a homestead can not be set off in an equity, and that a legal title, which is the subject of levy and sale by the sheriff, is necessary to support it. In this case, Epaminondas Edwards has no legal title, and is not entitled to it until the shares of his surviving brothers and sisters in the proceeds of the sale of the Home place is paid over to them in pursuance of the order of Judge Orr.

The decree concluded with an order for a sale of the land, the proceeds of which, after payment of costs, was to be applied to the payment of $1185.85, with interest from September 18th, 1877; and the remainder was to go to the defendant.

Defendant gave notice of appeal, the grounds whereof are sufficiently stated in the opinion of the court.

*Messrs. Burt & Graydon,* for appellant.

*Messrs. Cothran & Perrin,* contra.

July 21st, 1880. The opinion of the court was delivered by WILLARD, C. J. This appeal is from a decree under an original and supplemental complaint. The first ground of ob-

jection to the decree is that the order allowing the plaintiffs to file a supplemental complaint is a nullity, on the ground that it was made ex parte by a judge at chambers. The motion for leave to file a supplemental complaint can be made before a judge at chambers. *Code,* § 417, *Subd.* 2. It was an irregularity to take an order ex parte for leave to file the supplemental complaint. Section 200 of the code says: "That the plaintiff and defendant may be allowed, on motion, to make a supplemental complaint, answer or reply," &c. The allowance is not a matter of course, but must depend in part on the consideration to be given to the existing pleadings and proceedings in the cause, so that the opposite party has a direct interest to be heard, and should have notice. It is a misapprehension to call an order a nullity because made at chambers, and without notice to the party, where such notice is required. In order to justify the treatment of a judicial order as a nullity it must appear that there was an entire want of judicial power to make such order. If the power exists, but has been improperly exercised, that constitutes an irregularity that may be corrected, according to circumstances, by motion or on appeal. The Circuit judge was competent to exercise the powers properly belonging to the Court of Common Pleas, at chambers, in making an order of the nature of that in question, and the character of their powers precludes the order of a court, in a case within its jurisdiction, from being disregarded as a nullity. The proper course for the defendant was to move the court to set aside the order as irregular, which he failed to do. Irregularities, not involving the merits, are deemed waived where the party having an opportunity to object thereto fails to do so in time, or where he does some act recognizing the objectionable proceeding as valid, such as interposing a pleading or proceeding that pre-supposes a valid proceeding of the nature of that alleged to be irregular. In the present case the defendant filed an answer to the supplemental complaint, an act that could not be called for except where an order allowing a supplemental complaint existed. This was a complete waiver, as it does not appear, and cannot be inferred, that the merits of the defence were in any way prejudiced by the allowance of such order to file a supplemental complaint.

But it appears, in addition to this, that on the hearing of the cause the defendant was heard upon the propriety of the allowance of leave to file a supplemental complaint. From this it appears that the defendant has not been in fact deprived of a hearing of the matters affected by the *ex parte* order, and the only question that can be considered at this time is whether the conclusion of the decree that it was a proper case for a supplemental complaint was correct in point of law, which will be presently considered.

The second objection has been disposed of by what has just been said. The third objection is that the Circuit judge erred in not holding that the service of the supplemental complaint on the defendant was irregular, having been made prior to the granting of the order allowing such supplemental complaint to be filed. It does not appear that any motion was made to set aside the service of the supplemental complaint prior to the service of the defendant's answer thereto. The answer was a clear waiver of any irregularity in the service of the supplemental complaint. Nor does it appear that any motion was made for that purpose prior to the hearing. Such an objection cannot be taken on the hearing, and it was properly disregarded by the Circuit judge.

The fourth objection involves the question whether this is a proper case for a supplemental complaint. In deciding this question it is not necessary to hold that the case was one in which relief could be had in no other mode. Even where relief might be had on a motion or petition as to matters occurring since the commencement of the action, still where the nature of such matters is such that certainty and convenience would be promoted by a supplemental complaint, the authority of the court to allow a supplemental pleading for that purpose cannot be doubted. In the present case the original complaint was filed by an executor joining the distributees against his co-executor for an account of assets coming into the hands of the latter. The defendant became the purchaser, with one of the distributees, of certain lands of the decedent, ordered to be sold under such complaint, but did not fully comply with the terms of such purchase. M. L. Edwards, the joint purchaser with the defend-

ant, died after the purchase, and the defendant became the administrator of his estate. The pleadings were conformed to this new state of facts, and an order was taken for the re-sale of the premises so purchased to pay the debt incurred by the first purchase for the purchase money. The re-sale took place, and the defendant became sole purchaser of the land, making paymants on account of such purchase, but leaving a balance of the purchase money unpaid. While matters thus stood, the distributees of M. L. Edwards, who are the same persons made parties plaintiff, as the distributees of the original testator, commenced proceedings in the Probate Court for the settlement of the accounts of E. Edwards, the defendant, as administrator of M. L. Edwards. No objection appears to have been made by the defendant to this mode of proceeding either in the Circuit Court or the Probate Court, and the case in the Probate Court went to a decree against the defendant for a balance found due on such accounting. It appears that execution issued out of the Probate Court under this decree, and was returned *nulla bona.* The object of the supplemental complaint was to bring these matters before the court so that satisfaction of such judgment could be obtained by enforcing the decrees and orders in this cause, looking to the completion, by the defendant, of the purchase of the premises bought by him, part of the purchase money still remaining unpaid as was alleged, and title not having been made under such purchase. As all parties consented to the proceeding in the Probate Court, the decree of that court is entitled to as conclusive force as affecting the rights of the parties submitted to that court, at least, as would be ascribed to a contract, upon consideration, between the parties themselves, modifying their rights in the same manner as they were modified by the Probate decree. Such a contract could be made *pendente lite,* with such effect as to conclude the rights of the parties as to all matters disposed of by it in all further proceedings in the cause to which it related. The fact that a Probate decree admits of enforcement by execution is immaterial, as that circumstance cannot affect the nature of the estoppels proper to the decree. As there was no actual satisfaction of that decree, and the only means of enforcing it in the hands of the Probate

B

Court exhausted, there is no ground to say that the parties should be left to the tribunal which they have chosen. The jurisdiction of the Circuit Court over the new matter brought in by the supplemental complaint is not dependent on the Probate decree and the exhaustion of the means of enforcing it, but existed antecedent to the proceedings in the Probate Court. The supplemental complaint was, therefore, no analogy to a creditor's bill. The case resolves itself to this, that, subsequent to action commenced, the parties, by their mutual acts, have given a new mould to their rights as pending in the original suit, and this is one of the cases to which the practice of allowing supplemental complaints looks. It follows that the fourth objection must be disallowed.

The fifth objection is that plaintiffs are barred by the judgment in the Probate Court. It is not clear upon what principle the judgment is alleged to be a bar, and what is the effect claimed for it as such. So far as it adjudicates, finally, certain rights between the parties, it is undoubtedly a bar to any attempt to re-open the discussion of such rights, but the decree appealed from makes no such attempt. If it is meant that when one court has proceeded to judgment, and has failed to compel the satisfaction of such judgment, no other court can supplement its powers, that would conflict with the jurisdiction on which a judgment creditor's bill rests. The Circuit Court, under the facts disclosed, could clearly have taken jurisdiction under an original bill of the equitable enforcement of the judgment; and, such being the case, it could indirectly afford the same relief as incidental to a pending suit between the same parties within its proper jurisdiction. It would be specially exceptionable to hold such a doctrine as it regards the judgment of a court of limited or special jurisdiction, both as violating the principle that brings to the aid of such courts the powers of courts of general jurisdiction, and the constant practice of making the decree of the Probate Court as formerly of the Court of Ordinary, the basis of a decree in the Circuit Court between the same parties and touching the same subject of controversy. This objection must be overruled.

The sixth objection is well taken, pointing as it does to a mere clerical error in the figures stated in the decree, which must be corrected accordingly.

The seventh, eighth and ninth objections involve a claim of homestead made by the defendant in the lands purchased under the decree of the court, and will be considered together. It is not necessary to consider the question whether the nature of the rights acquired by the defendant by the purchase and part payment of the purchase money, in respect of the lands sold under the decree, is such as to sustain a homestead right. The original purchase of the Home place was made by defendant and M. L. Edwards jointly. Before the order of re-sale was made, M. L. Edwards died, and defendant became his administrator. The default in non-compliance with the terms of the first sale, that rendered necessary the second sale, was that of the defendant, in part in his personal right, and in part as the representative of M. L. Edwards. As the estate of M. L. Edwards had contributed to make the payments that had been made on the first sale, no reason appears why the defendant should have excluded that estate, represented by him, from participating in any advantage that might arise from the purchase. This matter is not brought before us for direct consideration, and no explanation of the transaction appears. If, then, the defendant seeks the aid of a court of equity to establish a homestead right as against parties with whom he sustains such a fiduciary relation, it would be necessary that he should make such a demand to appear reconcilable with the equities of such parties. This he has failed to do, nor are the grounds for claiming a homestead stated in the case.

The right of homestead is asserted against an order for the sale of the premises for the satisfaction of the purchase money demand, under the re-sale, as appears by a distinct statement in the decree to that effect. That portion of the purchase money, on the re-sale, remaining unpaid was, under the decree of Judge Orr, to go to the estate of M. L. Edwards. This balance of purchase money must be regarded as contained in the amount adjudged by the Probate decree, and as belonging to the distributees of M. L. Edwards, and payable by E. Edwards individually. In equity, no such loss of character, by merger in the decree, would be allowed to take place as to disturb the equities existing before such decree. As the final decree orders a re-sale

for the purpose of satisfying this decree, it must be regarded in substance, as well as in form, ordering it for the satisfaction of the purchase money on the re-sale, absolutely due from the defendant to the distributees of M. L. Edwards. Until a judicial sale is permitted to be finally consummated by the transfer of title the whole matter remains in the power of the court, and it will not permit a purchaser, failing to comply in full with the terms of purchase, to acquire rights prejudicial to the objects of the decree under which such sale was made. An assertion of homestead right on the part of the defendant would tend to defeat in part the relief intended by the decree of Judge Orr, and cannot be allowed. It is not a question now whether credit should have been given to the defendant for the amount of the purchase money, on the re-sale, due to the estate represented by him. No such application appears to have been demanded or made ; on the contrary, by the voluntary act of the parties in interest, in submitting to the action of the Probate Court, the title to such balance of purchase money has passed into the plaintiff and out of the defendant as administrator. Equity certainly will not make such an application for the mere purpose of letting in a claim of homestead of, to say the least, doubtful equity.

The tenth objection is general, and is disposed of by what has already been held.

The decree must be modified by the correction of the clerical error pointed out by the sixth objection, and, as so modified, is affirmed, and the appeal dismissed.

McIVER and McGowan, A. J.'s, concurred.